IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RUSSELL ALEXANDER | § | |
| v. | § | CIVIL ACTION NO. 5:04cv112 |
| SHERIFF JAMES PRINCE | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

   The Order of Reference referring this case to the Magistrate Judge, dated May 21, 2004, is hereby VACATED.

   The plaintiff Russell Alexander, a former inmate of the Bowie County Jail proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. In his original complaint, Alexander says that on May 23, 2001, he was arrested and placed in the Bowie County Jail. On July 27, 2001, he was sentenced to one year in jail for a violation of probation. He says that he worked in the maintenance department, on heating and air condition systems, for 125 days of credit after sentencing, which he says is policy at the Bowie County Jail. Thus, Alexander says, he should have received two days of credit for each day that he worked.

   On November 28, 2001, Alexander says, Sheriff Prince had him removed from the work detail; Alexander says that this was done for no other reason than to prolong his stay in the jail. The sheriff also refused to credit him for his work time, but gave time credits to all of the other inmates. Alexander says that Sheriff Prince would not answer his requests and was rude to members of his family. Alexander notes that he had no disciplinary actions while in the jail and that he could have saved his business had he been allowed release 125 days earlier.

   In his amended complaint, Alexander says that Sheriff Prince told his grandmother Sue Alexander that he, the sheriff, would "teach [Alexander] a lesson and that he would stay in jail

1

for a year." He says that after his removal from the work detail, Sheriff Prince posted his name at the jail not allowing him to work any more.

Even with that, Alexander says, he should have been released on January 18, 2002, but he was told by the law library officer that he would not be released and that he would have to talk to the Sheriff. Alexander tried to do this, but the sheriff would not respond. He says that by law, inmates are entitled to time credit for performing manual labor.

On October 27, 2005, Sheriff Prince filed a motion for summary judgment. In this motion, Sheriff Prince says that on March 28, 2001, Alexander pleaded guilty to criminal mischief, receiving a sentence of 365 days confinement plus a fine and court costs. This sentence was suspended and Alexander was put on probation for 365 days.

On May 24, 2001, Alexander was arrested for possession of a prohibited weapon, retaliation, and a probation violation. He was in jail from May 24, 2001 until July 9, 2001, when he was transferred to the North Texas State Hospital. On July 17, 2001, he was returned to the custody of Bowie County. His probation was revoked on July 27 and he was sentenced to one year in the county jail, with 64 days of credit for time served.

From July 28 until November 29, 2001, Sheriff Prince says, Alexander worked in the maintenance department of the jail, which includes air conditioning and heating repair. Sheriff Prince says that he exercised his discretion in denying Alexander's work time credits, based on the facts relating to the underlying offenses and the sheriff's professional experience with Alexander's prior criminal history. Alexander was released from confinement on May 24, 2002, one year after first entering jail.

Sheriff Prince argues first that Alexander does not have a liberty interest in working so as to accumulate time credits on his sentence. He then contends that Alexander did not have any liberty or property interest in the time credits which he had allegedly acquired through working. He says that county jail inmates can acquire two types of credits: good time, which is discretionary, and manual labor credit, which is mandatory. Sheriff Prince maintains that Alexander was not

performing "manual labor" and thus did not accumulate any mandatory credits, but only discretionary credits, which the Sheriff, in his discretion, denied. Finally, the Sheriff invoked his right to qualified immunity.

Alexander filed a response to the motion for summary judgment on November 3, 2005. In this response, Alexander argues that "thousands" of inmates have worked in the maintenance department of the jail and have received two days of credit for each day assigned to that department, seven days a week. He notes that the sheriff stated that he was denying the credits based on Alexander's underlying offense, but that Judge Pesek already knew that Alexander would be receiving two for one credit while working in the jail; Alexander says that this shows that Sheriff Prince thought that the punishment assessed was not sufficient and consequently imposed his own punishment by denying the time credits.

Next, Alexander says that he not only worked on heating and air conditioning units, but also performed "manual labor" for the maintenance department. He also says that there has never previously been a distinction drawn between manual and industrial labor, but that all inmates have always received time credits for working. Finally, Alexander says that Sheriff Prince is not entitled to qualified immunity because he was acting out of a "personal vendetta."

Legal Standards and Analysis

General Standards on Summary Judgment

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

To avoid summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Fifth Circuit has stated that once the moving party has met its burden, the nonmovant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential element of the opposing party's claim is without factual support. First American Bank & Trust of Louisiana v. Texas Life Ins. Co., 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Caldas & Sons v. Willingham, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to come forward with evidence sufficient to establish the existence of a genuine issue of material fact. Caldas, 17 F.3d at 126-27.

Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991); *see also* Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980) (litigants may not oppose summary judgment through unsworn materials). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. Recile, 10 F.3d at 1097 n.15. A non-movant cannot manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In short, a properly supported motion for summary judgment should be granted unless the opposing party

produces sufficient evidence to show that a genuine factual issue exists. Hulsey, 929 F.2d at 170, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## The Facts of the Case

The essential facts in this case are undisputed, including the dates of placement in the jail, the dates of working, the fact that Alexander was assigned to the maintenance department, and the fact that Sheriff Prince denied Alexander the work time credits.

The first issue is whether Alexander had a liberty interest in the time credits at all. In Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995), the plaintiff contended that he was wrongfully removed from his job in prison industries, thus losing the ability to accumulate extra good-time credits. The Fifth Circuit held that this did not violate a constitutionally protected liberty interest. This precedent means that the removal of Alexander from his work assignment in November of 2001 did not violate the Constitution; however, it does not answer the question of whether Alexander's rights were violated when he did not receive credit for the time which he did work prior to his removal from the job. This question must be answered with reference to Texas law.

Under Article 43.10, Tex. Code Crim. Pro., an inmate convicted of a misdemeanor and receiving confinement of more than one day in the county jail shall be required to work in the county jail industries program or shall be required to do manual labor. The statute discusses county farms and workhouses, public works and maintenance projects, cemeteries maintained with public funds or county employees, and labor for non-profit organizations. Article 43.10 says that for each day of manual labor, a defendant may have one day deducted from each sentence that he is serving.

Article 42.032, Tex. Code Crim. Pro., says that the sheriff may grant commutation of time for "good conduct, industry, and obedience." This deduction, not to exceed one day for each day of the original sentence actually served, may be made if a charge of misconduct has not been sustained against the defendant.

County jail inmates may receive time credit under Article 42.032 or Article 43.10, but not both. Tex. Attorney General Opinion JM-436 (1986). This fact indicates that a distinction exists between credits awarded for "manual labor" and credits awarded for "good conduct, industry, and obedience." The credits awarded for manual labor are mandatory, while those awarded under 42.032 are wholly discretionary with the Sheriff. *See* Kopeski v. Martin, 629 S.W.2d 743, 745 (Tex.Crim.App. 1982); In re Cortez, 143 S.W.3d 265. 268 (Tex.App.-San Antonio 2004, orig. proceeding). This means that Alexander has a liberty or property interest in the time credits if the work he did qualifies as "manual labor" under Article 43.10, but no such interest if the work was not manual labor and thus falls under the "industry" section of Article 42.032. *See generally* Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995).

Sheriff Prince stated in his deposition that Alexander worked in the Jail Industries Program, specifically in the maintenance department. Alexander stated in his deposition that the job involved a full range of skills, including carpentry, mechanical skills, and knowledge of the workings of heating and air conditioning systems. He said that he had built his own house and that he brought "particular skills" to the job; he stated that the tasks he did were about half physical and half mental, involving such matters as figuring out what was wrong with a piece of equipment and how best to repair it. He said that the job could not be done by "just anyone."

The Defendant cites Williamson v. Daspit Bros. Marine Divers Inc., 337 F.2d 337, 340 (5th Cir. 1964), a case construing Louisiana law, to define the term "manual labor." This case defines "manual labor" as being "work in which the physical element predominates over the mental." The Court noted that the line of demarcation is often "shadowy and vague," and that opinions could well differ.

Similarly, the Defendant cites Perkins v. Lukens Steel Co., 310 U.S. 113, 118 (1940) to define a "common laborer" as "one who performs physical or manual labor of a general character or simple nature, requiring no special training, judgment, nor skill." By contrast, the work performed

by Alexander did require special skills, and the physical element did not predominate over the mental.

Neither did Alexander perform his job duties on a county farm or workhouse, or on public improvements, or for a public cemetery or non-profit organization. Instead, the work he did was for the jail industries program. It is therefore clear that under the undisputed facts of the case, Alexander did not perform "manual labor," entitling him to credit under Article 43,10, but rather engaged in industry, for which the time credits are completely discretionary with the Sheriff. Consequently, Alexander had no liberty or property interest in acquiring time credits for his good conduct, industry, or obedience under Article 42.032, and so his claim of a constitutional violation for the denial of these credits is without merit.

In his response to the motion for summary judgment, Alexander emphasizes the fact that other inmates who worked in the maintenance department did receive the time credits, while he did not. However, because Alexander had no liberty or property interest in obtaining these credits, the fact that he did not get them while other inmates did is of no moment. Bulger, 65 F.3d at 49 (inmate removed from work detail and then told that there were no jobs in the prison industry, but other inmates were assigned to the industry a week later; no constitutional claim stated). A "mere hope," as opposed to an existing liberty or property interest, has no constitutional protection. *Cf.* Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979) (mere hope of release on parole not constitutionally protected); *accord*, Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993) (same).

Next, Alexander says that he did do some manual labor while in the jail, which he says can be confirmed by the head of the maintenance department, James Brinkley. He adds that the work in the Bowie County Jail has never been separated into "manual labor" and "industry work," and that distinction has been made only for purposes of this case. However, Alexander offers no competent summary judgment to show that he did "manual labor," as defined by Article 43.10, and the distinction between manual labor and industrial work, even if not specifically and routinely made

by jail officials, is relevant to the question of whether or not Alexander had a constitutionally protected liberty interest in the work time credits. The competent summary judgment evidence shows that the credits which he claimed derived from Article 42.032 and thus were discretionary with the Sheriff, meaning that Alexander had no protected interest in receiving these credits. For this reason, his claim on this point is without merit.

## Qualified Immunity

Sheriff Alexander also claims entitlement to the defense of qualified immunity. A qualified immunity defense serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's actions were reasonable in light of then clearly existing law. Atteberry v. Nocona General Hospital, — F.3d —, slip op. no. 04-11330 (5th Cir., November 3, 2005) (not yet published), *citing* Thompson v. Upshur County, 245 F.3d 447, 456 (5th Cir. 2001). The Fifth Circuit has held that to prevail in a Section 1983 lawsuit, a plaintiff must overcome an officer's defense of qualified immunity. *See* McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (noting that when a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense).

The Fifth Circuit has stated that to discharge this burden, the plaintiff must satisfy a two-prong test. First, he must claim that the defendants committed a constitutional violation under current law, and second, that the defendant's actions were objectively unreasonable in light of the law which was clearly established at the time of the actions complained of. Atteberry, slip op. at —; Kinney v. Weaver, 367 F.3d 337, 349-50 (5th Cir. 2004).

In this case, Alexander has clearly failed to overcome Sheriff Prince's entitlement to qualified immunity. He has failed to show that a constitutional violation was committed, given that, as discussed above, Alexander has not shown that he had a constitutionally protected liberty or property interest in the time credits of which he said that he was deprived. More significantly, Alexander has not shown that Sheriff Prince's actions were objectively unreasonable in light of existing law.

In <u>Hope v. Pelzer</u>, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); the Supreme Court explained the standard for a constitutional right to be clearly established, as follows:

> Its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ....but it is to say that in the light of pre-existing law. the unlawfulness must be apparent."

<u>Hope</u>, 536 U.S. at 739, 122 S.Ct. at 2515, *citing* <u>Anderson v. Creighton</u>, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

The Supreme Court went on to clarify that the factual situation from which the pre-existing constitutional right developed does not have to be "fundamentally similar" to the one before a court when addressing qualified immunity. Rather, qualified immunity can be overcome as long as prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. The Court concluded that "officials can still be on notice that their conduct violates established law even in novel factual circumstances." <u>Hope</u>, 536 U.S. at 740-41, 122 S.Ct. at 2515-16.

In this case, the law was clearly established that time credits given for "manual labor" are mandatory, while credits given for "good conduct, industry, and obedience" are discretionary with the Sheriff. However, there was no clearly established legal demarcation between work classified as "manual labor" and work classified as "jail industry." Thus, the denial of the time credits to Alexander was not a violation of clearly established law, because it was by no means clear that Alexander was engaged in manual labor and thus entitled to these credits. An objectively reasonable person in the position of the Sheriff could have believed that Alexander was not engaged in "manual labor" when he was assigned to and performed work requiring special training, skill, and expertise. The fact that other inmates received these credits has no bearing on the issue of qualified immunity because the question is whether an objectively reasonable law enforcement official would have believed that the denial of these time credits to Alexander violated a constitutionally protected

right. Alexander has failed to overcome Sheriff Prince's entitlement to qualified immunity and so his Section 1983 lawsuit must fail.

## Conclusion

The Court has carefully examined the record in this cause, including the Plaintiff's complaint and amended complaint, the Defendant's motion for summary judgment, and the Plaintiff's response thereto, as well as the competent summary judgment evidence properly before the Court. Upon such review, the Court has determined that there are no disputed issues of material fact which appear in the competent summary judgment evidence and that the Defendant is entitled to judgment as a matter of law. The Court has further concluded that the Defendant is entitled to the defense of qualified immunity. It is accordingly

ORDERED that the Defendant's motion for summary judgment is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 2nd day of December, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE